UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANNY OSMER, JOSHUA OSMER, AND ESTELLE GIANGROSSO,<br><br>    Plaintiffs,<br><br>    v.<br><br>JEFFERSON COUNTY AND HYRAM GODSEY,<br><br>    Defendants. | Case No. C04-5739FDB<br><br>ORDER GRANTING DEFENDANTS' SUMMARY JUDGMENT MOTION and DISMISSING CAUSE OF ACTION |

    Defendants Jefferson County and Hyram Godsey move for summary judgment, arguing that Plaintiffs' cause of action was not filed within the two-year statute of limitations. The Complaint in this case was filed November 1, 2004 and asserts claims pursuant to 42 U.S.C. § 1983 (excessive force, false arrest, and false imprisonment) and Washington State tort claims are raised as well (negligence, false arrest, false imprisonment, assault and battery, and negligent hiring, training, and supervision). The incident giving rise to the claims occurred on September 2, 2002.

    Because Section 1983 does not provide its own statute of limitations, the state limitations statute for personal injury claims is applied. *Cloud ex rel. Cloud v. Summers*, 98 Wash. App. 724, 731, 991 P.2d 1169 (1999)(citing *Felder v. Casey*, 487 U.S. 131 (1988). The applicable statute

ORDER - 1

under Washington law is RCW 4.16.100(1), which provides a two-year statute of limitations for "actions[s] for libel, slander, assault, assault and battery, or false imprisonment." This cause of action was not filed within two years of the September 2, 2002 incident date. Plaintiffs, therefore, have failed to file their claims within the two-year limitations period.

Plaintiffs argue that there is a tolling period for the time required to file a claim for damages with the governmental entity before filing a lawsuit, that the correct statute of limitations is three years, and that sanctions against Defendants may be appropriate.

Plaintiffs' arguments are without merit. RCW 4.16.100(1) has been interpreted to include claims brought against police officers and applies in this case. *See Boyles v. City of Kennewick*, 62 Wash. App. 174, 176, 813 P.2d 178 (1991). Plaintiffs claims for excessive force, false arrest, false imprisonment, assault and batter must be dismissed. Plaintiffs' suggestion to impose Red. R. Civ. P. 11 sanctions is declined. With the dismissal of the Federal claims, this Court declines to exercise supplemental jurisdiction over any remaining state claims, and this cause of action will be dismissed.

NOW, THEREFORE, IT IS ORDERED: Defendants' Motion for Summary Judgment re Statute of Limitations [Dkt. # 16] is GRANTED and the Federal claim alleging and 42 U.S.C. § 1983 action for excessive force, false arrest, and false imprisonment is DISMISSED; state claims alleging these causes of action are also DISMISSED. The Court declines to exercise supplemental jurisdiction over any remaining state claims. This cause of action is DISMISSED and the Clerk is directed to enter JUDGMENT accordingly.

DATED this 12th day of July, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2